Upper Allen Township *v.* Zoning Hearing Board of Upper Allen Township et al. Clepper Farms, Inc., Appellant.

Argued September 14, 1983, before Judges ROGERS, MacPHAIL and BARRY, sitting as a panel of three.

*John M. Eakin,* for appellant.

*Dusan Bratic,* for appellee, Zoning Hearing Board of Upper Allen Township.

*Ronald Katzman,* with him *Laurence W. Dague* and *William E. Miller, Jr., Keefer, Wood, Allen & Rahal,* for appellee, Upper Allen Township.

OPINION BY JUDGE MACPHAIL, October 17, 1983:

Clepper Farms, Inc. (Appellant) has appealed from an order of the Court of Common Pleas of Cumberland County which granted its motions to quash two zoning appeals filed with that court by Appellees[1] and remanded for a hearing on the merits. Appellant specifically challenges the remand portion of the court's order.

The history of this land use dispute, aptly characterized by the court of common pleas as a ''recurring procedural nightmare,'' began with the rejection of Appellant's preliminary subdivision plan by the Board of Commissioners of Upper Allen Township (Commissioners) on June 11, 1980. Believing the Commissioners' rejection to be improper in form,

---

[1] The first appeal was filed by a group of ten individuals: William P. Graham, Susan Graham, Edward F. LaFond, Virginia LaFond, David A. Stacks, Wendy A. Stacks, Joseph Bittenbender, Emily Bittenbender, Charles Bernath and Karen Bernath. We will adopt the court of common pleas' reference to those individuals as the Graham Group. The second appeal to the court of common pleas was filed by Upper Allen Township (Township).

Appellant filed a mandamus action with the court of common pleas, on July 1, 1980, seeking a "deemed approval" of its preliminary plan pursuant to Section 508 of the Pennsylvania Municipalities Planning Code (MPC).[2] The court of common pleas' determination that Appellant was entitled to deemed approval of its plan was affirmed by this Court in *Clepper Farms, Inc. v. Trimmer*, 66 Pa. Commonwealth Ct. 326, 443 A.2d 1385 (1982).

At the same time that it filed the mandamus action, Appellant also filed a precautionary appeal with the court of common pleas pursuant to Section 1006 (1)(a) of the MPC, 53 P.S. §11006(1)(a) challenging the merits of the Commissioners' decision rejecting the preliminary plan. Shortly thereafter, the Graham Group,[3] on July 10, 1980, filed its own precautionary appeal with the Township Zoning Hearing Board (Board) based on the theory that if Appellant was successful in its mandamus action, the Graham Group would then become "persons aggrieved" by the deemed approval and entitled to file an appeal under Section 1007 of the MPC, 53 P.S. §11007.

Due to the fact that the record of the proceedings before the Commissioners had already been certified to the court of common pleas in the Appellant's mandamus action, the Board did not conduct a hearing on the Graham Group's appeal. Fearing that the Board's failure to act within the time limitations imposed by Section 908(9) of the MPC, 53 P.S. §10908 (9)[4] would result in another deemed approval of Ap-

---

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10508.

[3] *See* note 1 *supra.*

[4] Section 908(9) provides, in pertinent part, as follows: Where the board . . . fails to hold the required hearing within sixty days from the date of the applicant's request for a hearing, the decision shall be deemed to have been rendered in favor of the applicant. . . .

pellant's plan, the Graham Group filed a second precautionary appeal, this time from the Board to the court of common pleas. Meanwhile, the Township, considering itself to have been a party to any proceedings before the Board,[5] also filed an appeal with the court of common pleas. At issue here are Appellant's motions to quash the latter two appeals. The motions were ultimately granted by the court of common pleas. *Upper Allen Township v. Zoning Hearing Board*, 33 Cumb. 76 (C.P. Pa. 1982).

In its decision quashing Appellees' appeals, the court initially determined that the Graham Group did have a right under Section 1007 of the MPC to appeal to the Board from the deemed approval of Appellant's preliminary plan. The court also ruled that the Board could not act on the Graham Group's appeal until the record was returned to the Board and, therefore, the time limitation for Board action under Section 908(9) had not yet started to run.[6] The appeals to the court of common pleas were, accordingly, premature. The appeals were quashed and the matter was remanded to the Board for a hearing on the merits.

In the instant appeal, Appellant contends 1) that the court of common pleas erred in concluding that the Graham Group had a right of appeal to the Board from the deemed approval of its preliminary sub-

---

An "applicant" is defined by Section 107(1) of the MPC, 53 P.S. §10107(1) as:

> [A] landowner or developer, as hereinafter defined, who has filed an application for development. . . .

[5] *See* Section 908(3) of the MPC, 53 P.S. §10908(3).

[6] This second aspect of the court's ruling has not been challenged in the instant appeal. We, accordingly, will express no opinion regarding the applicability of the deemed approval provisions of Section 908(9) to hearings on appeals taken by protestants under Section 1007 of the MPC.

division plan and 2) that once Appellant filed its precautionary appeal under Section 1006(1)(a) of the MPC from the Commissioners' purported rejection of the preliminary plan, the choice of appellate forum had been made by Appellant and the Graham Group was precluded from filing a separate appeal with the Board.

Before we can address the merits of this appeal, we must consider the Township's argument that the order of the court of common pleas is interlocutory and, therefore, unappealable. An appeal will lie only from a final order unless otherwise provided by statute. *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978). To be final, an order "must end the litigation, dispose of the entire case, or effectively put the litigant out of court". *Municipality of Bethel Park Appeal*, 51 Pa. Commonwealth Ct. 128, 131, 414 A.2d 401, 402 (1980). In determining what constitutes a final order we must look beyond the technical effect of the adjudication and consider its practical ramifications. *Lower Paxton Township v. Fieseler Neon Signs*, 37 Pa. Commonwealth Ct. 506, 391 A.2d 720 (1978).

Viewing the practical effect of the order here appealed, we think it is clear that the order did not end the entire case and did not put the litigants out of court. In fact, Appellant's challenge to the court's order is based on the court's *failure* to end the litigation by a ruling that Appellant's deemed approval was final and could not be made the subject of further appeal to the Board. We, accordingly, conclude that the order of the court of common pleas is interlocutory. In the interest of judicial economy, however, and because this case is one of first impression, we will nevertheless address the issues presented by Appellant. *See Lower Paxton Township*.

The first issue presented is whether the court of common pleas erred when it concluded that the

Graham Group had a right of appeal from the deemed approval of the preliminary subdivision plan to the Board pursuant to Section 1007 of the MPC.

The MPC contains two ''deemed approval'' provisions: 1) where a zoning hearing board fails to act within the time limitations prescribed in Section 908(9) of the MPC and 2) where the governing body or planning agency fails to render a decision on a preliminary or final subdivision plan within the time and in the manner required by Section 508 of the MPC. Although Section 908(9) specifically recognizes the right of protestant parties to challenge decisions which have been deemed approved, Section 508 contains no similar language. Prior to the 1972 amendments to Section 908(9) which added the language recognizing the right to challenge a deemed decision, this Court was presented with the same issue which has been raised by Appellant here in the context of Section 508. In *Foltz, Jr. v. Monroeville and Borden*, 5 Pa. Commonwealth Ct. 304, 290 A.2d 269 (1972) we recognized that protestants, as persons aggrieved, have a right to appeal a deemed decision under Section 908(9) in favor of an applicant. We conclude that the same result must obtain here.

We have previously noted that the purpose of Section 508 is ''to remedy the losses occasioned by the indecision, vague recommendations, and protracted deliberations of local governing bodies and to eliminate deliberate or negligent inaction on the part of governing officials.'' *Mid-County Manor, Inc. v. Haverford Township*, 22 Pa. Commonwealth Ct. 149, 157, 348 A.2d 472, 477 (1975). Thus, the sanction of deemed approval is aimed at accelerating the deliberation process and improving the quality of decisions reached by municipal officials. We think those goals have been served by the deemed approval of Appellant's preliminary plan in the instant case. We can-

588

not, however, accept Appellant's argument that Section 508 was also intended to prevent aggrieved protestants from pursuing their appeal rights under Section 1007 of the MPC. As stated by the court of common pleas:

> It would be an anomalous result, indeed, for the legitimate interests of aggrieved landowners to go unnoticed through no fault of their own but rather through the township's mistake. The legislature did not intend that the rights of these aggrieved landowners be sacrificed in the zeal to punish offending townships under section 508 of the MPC.

*Upper Allen Township,* 33 Cumb. at 79. We agree and conclude that the Graham Group properly exercised its right to appeal to the Board from the deemed approval of Appellant's preliminary plan.

Appellant's second argument is that when its precautionary appeal was filed with the court of common pleas under Section 1006(1)(a) of the MPC, the Appellees should have intervened in that appeal rather than institute a separate appeal to the Board. Appellant presumably contends that when the determination was reached that its plan was deemed approved, Appellees could then substitute themselves as the moving appellants in the common pleas appeal. This position is clearly erroneous. Applying the reasoning set forth in *Appeal of Foltz,* 22 Pa. Commonwealth Ct. 562, 349 A.2d 918 (1976), we conclude that when Appellant successfully received a deemed approval of its plan, Appellant was no longer aggrieved by the Commissioners' action and the precautionary appeal from the Commissioners' purported rejection of its plan became a nullity. It, therefore, would have been impossible for Appellees, as intervenors, to gain standing to proceed as appellants in the Section 1006(1)(a)

appeal. Appellees' right of appeal could only be protected by a direct appeal to the Board.

The order of the court of common pleas will, accordingly, be affirmed.

ORDER

The order of the Court of Common Pleas of Cumberland County, dated October 19, 1982, is hereby affirmed.