555 A.2d 79

**William P. GRAHAM, Susan Graham, Edward F. LaFond, Virginia LaFond, David A. Stacks, Wendy A. Stacks, Joseph Bittenbender, Charles Bernath, and Karen Bernath, Appellants,**

v.

**ZONING HEARING BOARD OF UPPER ALLEN TOWNSHIP and Clepper Farms, Inc., Appellees,**

**Upper Allen Township, Intervenor.**

Supreme Court of Pennsylvania.

Argued May 10, 1988.

Decided March 6, 1989.

Ronald M. Katzman, Harrisburg, for appellants.

John M. Eakin, Mechanicsburg, Dusan Bratic, Dillsburg, for appellees.

William E. Miller, Jr., Harrisburg, for intervenor.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION

ZAPPALA, Justice.

This appeal presents an important question of first impression regarding the powers of a zoning hearing board to sustain the action of the municipality's governing body granting approval of a subdivision plan, subject to compliance with zoning conditions,[1] under § 11007 of the Municipal Planning Code, Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, Art. I, as amended, 53 P.S. § 10101, et seq.

The relevant facts are not in dispute. On March 14, 1980, Clepper Farms, Inc. submitted to the Planning Commission a preliminary subdivision plan for a fifty-acre tract of land situated in Upper Allen Township, Cumberland County. After a public hearing before the Planning Commission, the Commission recommended approval of the plan subject to eighteen conditions. The approval of the original plan was placed before the Township Board of Commissioners (Board) on June 11, 1980. At that time, the Board rejected the plan encompassing the Planning Commission's recommendations as well as the plan as originally submitted by Clepper Farms, Inc. On June 16, 1980, the Board formally

---

1. The Appellants also raise a second issue regarding the adequacy of a retention basin proposed under the subdivision development plan. This issue concerns the weight the board, as a fact-finder, placed on the testimony of experts. Because a fact-finder has the power to either accept or reject the testimony of any or all expert witnesses, and the Appellants admit that the evidence was conflicting, there is not abuse of discretion and no basis for further review of this issue.

notified Clepper Farms, Inc. of the rejection of the plan without properly advising it of the ordinance violations which the proposed plan violated, as required under § 508(2) of the Code, 53 P.S. § 10508(2). Clepper Farms, Inc. then commenced a mandamus action seeking to compel approval of the plan, as originally submitted by Clepper Farms, Inc. without any conditions, due to the Board of Commissioner's non-compliance with § 508(2). The trial court ordered the approval of the plan subject to the conditions initially proposed to the Township Commissioners by the Planning Commission. Both Clepper Farms, Inc. and the Board of Commissioners appealed to Commonwealth Court which upheld only that part of the lower court's order determining that the plan was deemed approved because of the Township Commissioner's omission in notifying Clepper Farms, Inc. of the specific ordinance violations. In other words, Commonwealth Court approved the plan as originally submitted by Clepper Farms, Inc. *See Clepper Farms, Inc. v. Trimmer,* 66 Pa.Commw. 326, 443 A.2d 1385 (1982).

At the same time as it was pursuing its initial appeal from the Board's decision of June 16, 1980 rejecting it's plan, Clepper Farms, Inc. filed a precautionary appeal to the Court of Common Pleas from the Board's action on the preliminary plan. Likewise, the Appellants (Graham Group), and the Township filed precautionary appeals to the Court of Common Pleas. Clepper Farms, Inc. appealed the rejection of the plan while the Graham Group and Township challenged the possibility that the plan would be deemed approved without any restrictions.

The Appellants (Graham Group) also appealed simultaneously to the zoning board. The theory of this appeal was that if Clepper Farms, Inc. was successful in its mandamus action then they would be "aggrieved parties" under § 1007 of the Municipalities Planning Code. 53 P.S. § 11007. The Court of Common Pleas quashed the appeals of both the Appellants and the Township and remanded the precautionary appeal of Clepper Farms, Inc. to the zoning hearing board for a hearing on the merits. Commonwealth Court

affirmed. *See Upper Allen Township v. Zoning Hearing Board of Upper Allen Township,* 77 Pa.Commw. 582, 466 A.2d 292 (1983).

On remand, the zoning hearing board conducted several hearings after which that board determined that the preliminary plan failed to comply with the zoning requirements in ten respects, but nevertheless gave conditional approval so long as Clepper Farms, Inc. complied with those ten conditions. Both the trial court and Commonwealth Court, 99 Pa.Commw. 585, 514 A.2d 236, affirmed the zoning hearing board's action. We then granted allocatur to review the zoning hearing board's authority to attach conditions in light of the differences in its statutory authority as specifically set forth in §§ 905, 912, 913 and 915 of the Municipalities Planning Code. 53 P.S. §§ 10905, 10912, 10913, 10915.

As noted by the Commonwealth Court in its opinion, "The history of this land use dispute, [as] characterized by the court of common pleas as a 'recurring procedural nightmare,'" 77 Pa.Commw. at 583, 466 A.2d at 294, remains in the same posture. Under the Municipalities Planning Code, a person seeking review of a decision permitting a use or development must file his objections with the zoning hearing board. Section 1007 of the Municipalities Planning Code sets forth the appropriate appellate procedure for an aggrieved party:

> Persons aggrieved by a use or development permitted on the land of another who desire to secure review or correction of a decision or order of the governing body or any officer or agency of the municipality which has permitted the same, on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map shall first submit their objections to the zoning hearing board under §§ 909 and 915.

53 P.S. § 11007 (footnote omitted). Section 1007 indicates that any appeal shall be governed by §§ 909 and 915 of the Municipalities Planning Code. Section 909 limits the zoning hearing board's scope of review in disposing of appeals to situations in which "the zoning officer has failed to follow

prescribed procedures or has misinterpreted or misapplied any provision of a valid ordinance or map or any valid rule or regulation governing the action of the zoning officer.", 53 P.S. § 10909, while § 915 provides for a thirty-day appeal period and designates the appropriate parties for an appeal.

In contrast, § 912 sets forth the zoning hearing board's function regarding requests for variances and provides the zoning hearing board with the authority to grant a variance subject to compliance with reasonable conditions.

> In granting any variance, the board may attach such reasonable conditions and safeguards as it may deem necessary to implement the purposes of this act and the zoning ordinance.

53 P.S. § 10912. Likewise, in determining special exceptions to zoning restrictions under § 913 of the Municipalities Planning Code, the governing body has been granted power to attach conditions:

> In granting a special exception, the board may attach such reasonable conditions and safeguards, in addition to those expressed in the ordinance, as it may deem necessary to implement the purposes of this act and the zoning ordinance.

53 P.S. § 10913. The question thus becomes should §§ 912 and 913 be read into § 1007 when neither is specifically referred to.

Under the Statutory Construction Act of 1972, 1 Pa.C. S.A. § 1501 et seq., we are instructed by the legislature that in interpreting statutes, "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a). If an ambiguity does not exist, then we are not to ignore the obvious meaning of any provision to reach a more desired result. 1 Pa.C.S.A. § 1921(b). Finally, statutes *in pari materia* shall be construed together if possible. 1 Pa.C.S. § 1932(b). Applying these rules to the Municipalities Planning Code, it is clear that the zoning hearing board does not have the authority to conditionally approve a subdivision development plan.

Section 508 of the Municipalities Planning Code, 53 P.S. § 10508, prescribes the procedure for obtaining approval of a proposed development plan. An application for both a preliminary and final plan must be made to the governing body. The governing body is defined as a council, board of commissioners, or board of supervisors. 53 P.S. § 10107(10). When an application is not approved, the decision must set forth the defects in the plan, describe the requirements which have not been met, and cite to the relevant ordinance or statute. No changes in the zoning will adversely affect a pending application. Once a preliminary application has been approved, the application is entitled to final approval in accordance with the original preliminary application. Thus, final approval of a subdivision plan is automatic unless the final plan is different from the preliminary plan. Significantly though, § 508(4) does permit the *governing body* to place conditions upon the approval of either the preliminary or final plan with the applicant's acceptance.

▮ Since § 508 is specific in its requirement that defects in a plan be addressed by the governing body prior to either preliminary or final approval, it is clear that any question and restriction on the use or development of the property be considered by the governing body at the fact-finding phase of the procedure. Any zoning problems must be considered at the planning stage for the purpose of approving or disapproving the plan. Otherwise, the governing body would not have the required information to make an informed decision. The fact that any changes in zoning laws will not affect a pending application supports the conclusion that zoning plays an important role in determining whether to approve or disapprove a plan. Thus, § 508 makes it quite clear that zoning issues should be resolved no later than the acceptance of the final plan by the governing body.

▮ Finally, § 1007 of the Municipalities Planning Code provides for a "review or correction" of the governing body's decision. By its very terms, § 1007 contemplates the zoning hearing board reviewing, and if necessary, correct-

ing the decision of the governing body. Section § 1007 does not provide for *de novo* consideration. The fact that § 1007 does not refer to §§ 912 and 913 of the Municipalities Planning Code, which sections permit the zoning hearing board to place conditions upon approval of variances and special exceptions, is relevant in determining the scope of the zoning hearing board's authority under § 1007. In contrast, § 508 does permit the governing body to place conditions upon approval. Since the legislature did not see fit to give the zoning hearing board the authority to attach conditions to a finally submitted plan, this Court will decline to do so.

■ Since the zoning hearing board made a factual determination accepted by the trial court that the preliminary plan did not comply with the zoning ordinance, it is unnecessary to remand this matter to the court of common pleas for review under § 1007 of the Municipalities Planning Code. Accordingly, the Order of the Commonwealth Court is reversed and Clepper Farms, Inc.'s preliminary subdivision plan is rejected.

LARSEN, J., concurs in the result.

McDERMOTT, J., dissents.