BOROUGH OF JENKINTOWN,
Appellant

v.

BOARD OF COMMISSIONERS of AB-
INGTON TOWNSHIP and Foxcroft
Square Apartments Associates, LP.

Regina B. Guerin, Esq., & Other
Protestants, Appellants

v.

Board of Commissioners of
Abington Township.

Commonwealth Court of Pennsylvania.

Argued June 7, 2004.
Decided Aug. 6, 2004.
Reargument Denied Oct. 7, 2004.

Michael H. Hynes, Norristown, for appellants.

Robert Rex Herder, Jr., Ambler, and Marc D. Jonas, Blue Bell, for appellees.

BEFORE: COLINS, President Judge, and FRIEDMAN, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY President Judge COLINS.

In these consolidated appeals, certain objectors to a land use proposal in Abington Township, including the adjacent Borough of Jenkintown and residents therein, challenge orders of the Court of Common Pleas of Montgomery County that affirmed the decision of the Board of Supervisors of Abington Township granting approval to the proposal submitted by Foxcroft Associates.[1]

Foxcroft leases from John Barnes Trustees, Inc. an unimproved plot of land in the Township that it would like to develop as twin apartment buildings in a PB Planned Business District in the township. In 1994, many years before seeking approval for the development, Foxcroft sought and obtained a variance from the parking dimension requirements. Foxcroft filed its land development application on November 21, 2002. In accordance with the terms of the Subdivision and Land Development Ordinance (SALDO), the Township's zoning officer reviewed and accepted Foxcroft's application for completeness. Acceptance of the application for completeness also requires that the zoning officer make a determination that the Board of Commissioners could approve the application without first having the Zoning Hearing Board grant "specific variances or special exceptions." Section 146–14.D.3 of the SALDO. During the approval process, the Township Planning Commission, which includes the Township's zoning officer, approved the application, subject to the condition that Foxcroft meet with objecting neighbors before "the Code Enforcement meeting." Planning Commission August 27, 2002 meeting minutes, p. 11. At the Code Enforcement Committee meeting held on September 3, 2002, the committee's chairman moved to approve Foxcroft's land development plan. The minutes state: "Plan conforms to all of the dimensional requirements of Section 402.3 of the Township Zoning Ordinance." Minutes, p. 3.

---

1. Jenkintown and the residents filed separate appeals to the trial court, which did not consolidate the two cases.

The Township Board of Commissioners conducted a meeting on September 12, 2002, at which it considered a motion to approve Foxcroft's land development plan. During the course of the meeting Commissioner Ferrara indicated that the plan complied with the Township's zoning ordinance. The Board approved the plan by a vote of 12–1.[2] The separate objectors filed appeals of the Board's decision with both the trial court and the Township's Zoning Hearing Board. The Zoning Hearing Board dismissed the appeals on jurisdictional grounds.

Following the appeal to the trial court, Foxcroft sought an order of that court imposing a bond upon the objectors pending the outcome of the appeal. The trial court conducted a hearing on the issue of the bond in both objectors' appeals, but neither party ever requested the trial court to conduct further hearings on the merits. In separate orders on the merits, the two trial court judges presiding over the appeals rejected the objectors' arguments and dismissed their appeals.

In their appeal to this Court the objectors raise the following issues:

1. Whether the trial court applied the proper standard of review in evaluating the Board's decision for errors of law and abuse of discretion after the court took additional evidence relating to the bond issue?

2. Does the Township's ordinance or the MPC require that the landowner, rather than simply the lessee, sign the land development application submitted to the Board?

3. Whether the Board erred in approving the application because the plan does not comply with the zoning ordi-

nance and required Foxcroft to request variances from the zoning hearing board before receiving approval of the plan?

4. Does the Board's approval of the plan improperly result in an unacceptable negative impact upon air, light, noise, environment, and storm water drainage and create undue concentration of population?

## I. Standard of Review

The objectors contend that the trial court erred by failing to make factual findings as on *de novo* review after accepting additional evidence at the bond hearing. Foxcroft argues that (1) the standard-of-review issue is waived because the objectors did not raise the issue in its statement of matter complained of on appeal, and alternatively (2) that the evidence offered did not relate to the merits of the appeal from the Board.

We note at the outset that this Court recently held that, when even minor evidence relating to the merits of an appeal is offered at a bond hearing, the trial court must render its own factual findings on the merits of the appeal. *Mitchell v. Zoning Hearing Board of the Borough of Mount Penn*, 838 A.2d 819 (Pa.Cmwlth. 2003). Initially, although neither party has mentioned this facet of the issue, we do not believe the issue of a standard of review can ever be waived. The standard of review this Court must follow remains the same regardless of whether a party raises the issue. In appeals from a trial court's decision in a land development matter, we must review the trial court's findings and legal conclusions for error of law or abuse of discretion, if the trial court has taken additional evidence on the merits. *LHT Associates, LLC v. Township of*

**2.** The Board imposed four conditions to its approval; however, those conditions are not

relevant to this appeal.

*Hampton*, 809 A.2d 1072 (Pa.Cmwlth. 2002). If the trial court has not taken additional evidence on the merits, we must review the Board's decision for abuse of discretion or error of law. *Wolter v. Board of Supervisors of Tredyffrin Township*, 828 A.2d 1160 (Pa.Cmwlth.2003), *petition for allowance of appeal denied*, 577 Pa. 683, 843 A.2d 1240 (1994). Generally, if the trial court, after taking additional evidence on the merits, has failed to make its own review *de novo*, we must remand to the trial court. However, even in cases where a trial court has accepted additional evidence on the merits, and nevertheless improperly proceeds to exercise pure appellate review rather than *de novo* review, we may review the trial court's decision when the record presents "uncontradicted facts" permitting our review and rendering a remand unnecessary. *Rayel v. Bridgeton Township Zoning Hearing Board*, 98 Pa.Cmwlth. 455, 511 A.2d 933 (1986) (Where undisputed facts showed no abandonment, this Court could review for error of law).

In this case, the parties have not argued that the evidence presented at the bond hearing created any factual disputes, nor does our review of the record show that the parties dispute the facts relied upon the trial courts. Accordingly, we may exercise judicial review over the trial courts' decisions, and no remand is necessary.

## II. Landowner's Signature

■ The objectors contend that the trial court erred in concluding that the owner of the property, the John Barnes Trustees, Inc., was not required to sign the land development application Foxcroft submitted. The objectors' theory is that the Board is empowered to grant approval only to applicants who are "developers" under the terms of Section 107(a) of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S.

§ 10107(a), and Foxcroft is not a developer as defined in that section. The term "applicant" encompasses the term "developer," which the noted MPC section defines as "any landowner, agent of such landowner, or tenant with the permission of such landowner, who makes or causes to be made a ... land development." The objectors claim that Foxcroft is not a developer because it does not have the permission of the landowner. The objectors argue that the terms of the lease do not provide Foxcroft with the type of landowner permission envisioned under the MPC. Foxcroft relies upon the definition of "landowner" in the MPC, which includes "a lessee if he is authorized under the lease to exercise the rights of the landowner...." The lease between Foxcroft and John Barnes Trustee, Inc. provides, "Lessee shall have the right to use and occupy the Demised Premises for any lawful purpose which Lessee deems appropriate in its sole discretion...." The objectors, while recognizing the broad language of the lease provision, insist that the language is not specific or broad enough to include land development as a "use" of the property.

However, we agree with the trial court's conclusion that the term "use" contemplates development of the land, as well as other uses. As Foxcroft points out, although the terms of the SALDO are more constrained with regard to the term "applicant," the provisions of a municipality's SALDO cannot expand or contract the terms in the MPC. *Rural Area Concerned Citizens, Inc. v. Fayette County Zoning Hearing Board*, 166 Pa.Cmwlth. 520, 646 A.2d 717, 725 (1994), *petition for allowance of appeal denied*, 540 Pa. 636, 658 A.2d 798 (1995). Accordingly, we conclude that the trial court correctly decided this issue.

## III. The Zoning Issues

■ The objectors assert that the trial court erred in affirming the Board's deci-

sion to approve the application because Foxcroft did not obtain certain variances under the zoning ordinance. Foxcroft argues that the objectors should have raised such issues in an appeal to the Zoning Hearing Board either from (1) the action of the Township's zoning officer, Mr. Penecale, in accepting Foxcroft's application for zoning conformity, as required under the SALDO, or (2) from the action of the Board of Commissioner's Code Enforcement Committee approving the plan for zoning conformity on September 3, 2002.

We agree that both the Township's SALDO and the MPC contemplate that a party seeking to develop land in the Township must obtain from the zoning hearing board any waivers, variances, or special exceptions necessary under the Township's zoning ordinance before the Board of Supervisors may grant approval of a land development application. See *Graham v. Zoning Hearing Board of Upper Allen Township*, 520 Pa. 526, 555 A.2d 79 (1989). However, before seeking such zoning relief, the SALDO, the zoning ordinance, and the appeal provisions of the MPC recognize that a developer generally needs to seek such relief or approval from a zoning hearing board only if the proposed use does not comply with the terms of the zoning ordinance. Zoning officers generally act in a gate-keeper-type capacity, sheltering zoning hearing boards from the duty to render preliminary decisions as to zoning compliance. Where a municipality has a zoning officer, the MPC provides for relief from such officers' determinations by its jurisdictional grant to zoning hearing boards.

The MPC provides for jurisdiction of zoning hearing boards in the following circumstances: (1) substantive challenges to the validity of land use ordinances; (2) challenges to land use ordinances on the bases of defects in the enactment process; (3) challenges to determinations of zoning officers; (4) challenges to determinations of zoning officers relating to flood plain or hazard ordinances; (5) applications for variances; (6) applications for special exceptions; (7) appeals from determinations of an officer or agency charged with the administration of transfers of development rights or performance density provisions of the zoning ordinance; (8) appeals from zoning officers' determinations under section 916.2, 53 P.S. § 10916.2, relating to developers' requests for preliminary opinions regarding whether a land development proposal comports with a zoning ordinance; and (9) appeals from zoning officers' or engineers' decisions "in the administration of any land use ordinance or provision thereof with reference to sedimentation and erosion control and storm water management insofar as the same relate to development not involving Article V or VII applications." Section 909.1(a)(1)-(9), 53 P.S. § 10909.1(a)(1)-(9).[3]

The drafters of the 1988 MPC amendments certainly recognized the fact that zoning officers make determinations both in the context of land development proposals under Article V of the MPC as well as other types of land use proposals, i.e., whether a use is permitted and whether zoning relief is necessary for a particular use. The MPC provides developers with the option of seeking to have all zoning issues resolved before submitting a land development application, and having those issues decided preliminarily by a zoning officer, with the right to appeal his determinations to the zoning hearing board. Section 916.2, 53 P.S. § 10916.2. This sec-

---

**3.** This reference in this last subsection to Article V of the MPC clearly revokes jurisdiction from zoning hearing boards over appeals from zoning officers' determinations relating to sedimentation **when the determination arises in the context of land development.**

tion specifically states that its purpose is to provide developers with this **option** in order to ensure that the proposal is free from challenge at the development application phase.

However, while this provision vests zoning hearing boards with jurisdiction over such determinations of zoning officers, and while other provisions recognize that review of certain determinations of zoning officers arising in the course of the MPC's land development process rests with the governing body, the MPC is silent as to the method to challenge other determinations of a zoning officer that are made in the context of the land development review process before a governing body. Formerly, the MPC placed jurisdiction over appeals from decisions of governing bodies in land development proceedings with the zoning hearing boards, *see* former Section 1007 of the MPC, added by the Act of June 1, 1972, P.L. 333. Regardless of the change to the jurisdictional aspects of the MPC, and the MPC's silence as to the timing of challenges to the zoning aspect of land development approval, the Supreme Court has stated that issues involving zoning in land development should be resolved before a governing body may grant final approval. *Graham*, 520 Pa. 526, 532, 555 A.2d 79, 81–82 (1989).

In this case, the Board of Supervisors acted in its fact-finding capacity as directed in *Graham*. The Township's SALDO requires the Code Enforcement Committee to conduct a hearing regarding whether a proposal complies with the zoning ordinance. Presumably, in a case where a Board of Supervisors does not agree with a zoning officer's conclusions, the Board would deny the proposal, or grant approval with the condition that the developer must first seek whatever variances or special exceptions are required under the zoning ordinance. A landowner in such circum-

stances, may appeal that determination to the courts of common pleas, as presently provided in the MPC. In reviewing such decisions, if a trial court determines that a governing body improperly interpreted the zoning ordinance, it may reverse the governing body's decision, as containing a fundamental defect, or it may reverse and remand, upon a finding that variances or special exceptions are required, viewing the governing body's decision as conditional, and resting ultimately on whether the developer obtains the required zoning relief.

In this case, the trial courts' approach, if not the result, was correct. The trial courts reviewed the proposal for compliance with the zoning ordinance, and concluded that the Board of Supervisors did not err in its zoning interpretations. Having concluded that the plan comported with the terms of the zoning ordinance, and, that accordingly, no issue subject to the zoning hearing board's jurisdiction remained, i.e., zoning relief in the form of a waiver, variance, or special exception, the trial court affirmed the Board's decision to grant final approval.

■ Similarly, here we must review the Board's decision. If we conclude that the Board erred with regard to its conclusion that the plan satisfies the terms of the ordinance, our inquiry is complete. If we determine that that conclusion is erroneous, either because the use is not permitted as of right, or because aspects of the proposal require submission of variance or special exception application to the zoning hearing board, we must vacate and remand, as our ultimate conclusion thereby would be that the plan contains a fundamental defect, one that either can be corrected through zoning hearing board relief or could never be cured because the proposed use is not a permitted use.

The SALDO requires the Board of Supervisors to consider whether an applicant has complied with the terms of the zoning ordinance. Our review of the zoning ordinance presents at least one issue of concern. In reviewing that ordinance, we note that one requirement, found in Section 704, captioned "Principal Uses Permitted, states:

A. *Use by Right:* In any given district, a use is permitted by right, provided it is listed in the district regulations; provided it can comply with the applicable use regulations stated herein; and provided a zoning use permit has been duly issued by Abington Township, as specified in this Ordinance.

Although the zoning officer did comply with the SALDO by offering his opinion as to whether the proposal complied with the terms of the zoning ordinance, there is no evidence to suggest that the Township has issued a permit as required under Section 704. As such, we must agree with the objectors that the Board erred in concluding that the proposal complies with all of the terms of the zoning ordinance. Based upon this conclusion, and the lack of the required permit, the issuance of which would have ignited a definitive right of appeal for the objectors, we must conclude that Foxcroft's plan contains a defect, and that the Board, under the circumstances, could at most have granted conditional approval of the proposal, awaiting approval by the Township under Section 704 of the zoning ordinance.

In reaching this decision we are persuaded not only by this apparent absence of compliance, but also by the admittedly ambiguous nature of the land development approval process and the changes to the MPC in 1988. The SALDO contains no specific provisions regarding the method of challenging the zoning officer's determinations during the approval process. The Courts have long recognized the distinction between land use approval and the concurrent need for zoning approval. As noted by this Court in *Appeal of Fiori,* 160 Pa.Cmwlth. 659, 635 A.2d 743 (1993), *petition for allowance of appeal denied,* 538 Pa. 638, 647 A.2d 512 (1994), the separation of authority between governing bodies in the land development process and zoning hearing boards in the approval of specific uses, and the granting of zoning relief, has been addressed in numerous cases. The underlying notion is that, while a governing body may interpret zoning ordinances in the land development review process, it has no authority to render final determinations resolving questions such as whether a use is permitted and whether relief from zoning ordinances is warranted or deserved.

Based upon this conclusion, we believe that the Board erred in approving Foxcroft's development proposal without imposing the additional condition of obtaining necessary zoning approval.[4] Additionally, we need not address the specific zoning defects that the objectors raise, as all of those concerns should be addressed when Foxcroft requests a permit under Section 704, presumably from the zoning officer. After his action on the request, the objectors will be able to challenge his determination, if necessary.[5]

---

4. Our decision in *Residents Against Matrix v. Lower Makefield Township,* 845 A.2d 908 (Pa. Cmwlth.2004), confirms the notion that zoning review is required. While we stated in that case that the zoning hearing board should review the development proposal, while here we suggest approval by the zoning officer, the outcome in *Residents Against Matrix* may have been warranted by the specific provisions of Makefield Township's ordinance.

5. We also reject the objectors' claim that their challenge to the substantive validity of the SALDO was not waived. MPC Section

Accordingly, we vacate the trial courts' decisions, and remand with the direction to remand the matters to the Board of Supervisors, which should amend its approval to reflect the need for all necessary zoning permits and approval.

### ORDER

AND NOW, this 6th day of August 2004, the orders of the Court of Common Pleas of Montgomery County are vacated and remanded. The trial court is directed to remand this matter to the Board of Supervisors, with the direction to amend its approval of Foxcroft's land development plan to make the approval conditional on Foxcroft's receipt of the necessary zoning approval.

10909.1(a), as noted above, vests zoning hearing boards with jurisdiction over challenges to the substantive validity of land use ordinances. Further, we agree with the trial court that the objectors' challenge sought review of the application of the SALDO, and at best only ambiguously contested the validity of the SALDO as to the alleged negative impact on the health, welfare, morals, and financial interests of the objectors.