**NORTH CODORUS TOWNSHIP,**
**Appellant**

v.

**NORTH CODORUS TOWNSHIP ZONING HEARING BOARD and John Shearer Partnership.**

Commonwealth Court of Pennsylvania.

Argued April 4, 2005.
Decided May 3, 2005.

William H. Poole, Jr., York, for appellant.

Walter A. Tilley, III, York, for appellees.

BEFORE: COLINS, President Judge, FRIEDMAN, Judge, and COHN JUBELIRER, Judge.

OPINION BY Judge FRIEDMAN.

North Codorus Township (Township) appeals from the September 13, 2004, order of the Court of Common Pleas of York County (trial court) affirming the decision of the Township Zoning Hearing Board (ZHB). The ZHB held that it had jurisdiction over the matter and that an amendment to the Township Zoning Ordinance did not apply to the Subdivision and Land Development Plan (Plan) filed by John Shearer Partnership (Partnership) on October 24, 2003. We affirm.

The Partnership owns a tract of land, consisting of approximately 454 acres (Property) in the Township,[1] and met with the Township's Municipal Planning Commission and Board of Supervisors (Board) on a number of occasions to discuss development of the Property. (ZHB's Findings of Fact, Nos. 4, 16.) Subsequent to these meetings, on October 21, 2003, the Board enacted Ordinance 177–10–2003 (Ordinance 177), which amended certain portions of the Township Zoning Ordinance. (R.R. at 3a, 10a.) Ordinance 177 stated that it "shall be effective five (5) days after its enactment." (Ordinance 177, § 19; R.R. at 10a.) On October 24, 2003, the Partnership filed its Plan. (ZHB's Findings of Fact, No. 9.) Thus, the Plan was filed after the enactment of Ordinance 177 but prior to its effective date. The Township Zoning Ordinance, as amended by Ordinance 177, would preclude development of the Property as proposed by the

---

1. At the time it submitted its Plan, the Partnership had an equitable interest in the Property. The Partnership subsequently purchased the Property in January 2004. (ZHB's Findings of Fact, No. 8.) The Township does not dispute that, at all relevant times, the Partnership was a "landowner" as defined in section 107 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, as amended, 53 P.S. § 10107(a) (defining landowner).

Partnership in its Plan.[2] (*See* ZHB's Findings of Fact, No. 12.)

On January 14, 2004, while the Plan was proceeding through the Township's subdivision and land development review process, Douglas Stambaugh (Stambaugh), one of the Partnership's partners and the engineer who developed the Plan, telephoned John Gervais (Gervais), the Township Zoning Officer. Stambaugh asked Gervais whether the "old" Township Zoning Ordinance (Original Zoning Ordinance) or the Zoning Ordinance as amended by Ordinance 177 (Amended Zoning Ordinance) would apply to the Partnership's Plan. Gervais indicated that the Amended Zoning Ordinance would apply.[3] (ZHB's Findings of Fact, Nos. 18, 19.) The Partnership then appealed Gervais' "determination" to the ZHB. After two hearings, the ZHB concluded that it had jurisdiction to hear the appeal and held that the Amended Zoning Ordinance did not apply to the Partnership's Plan filed on October 24, 2003, because Ordinance 177 did not become effective until October 26, 2003.

The Township appealed the ZHB's decision to the trial court, arguing that the ZHB did not have jurisdiction over the appeal and that the amendments contained in Ordinance 177 did apply to the Plan. The trial court disagreed with both arguments and, accordingly, affirmed the ZHB. The Township now appeals to this court.[4]

The Township first argues that the ZHB erred in concluding that it had jurisdiction

over this matter because Gervais' statement does not constitute a "determination" under sections 909.1(a)(3) and (8) of the Pennsylvania Municipalities Planning Code[5] (MPC). We disagree.

Sections 909.1(a)(3) and (8) of the MPC provide:

(a) The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters:

. . .

(3) Appeals from the *determination* of the zoning officer, including, but not limited to, the granting or denial of any permit, or failure to act on the application therefor, the issuance of any cease and desist order or the registration or refusal to register any nonconforming use, structure or lot.

. . .

(8) Appeals from the zoning officer's *determination* under section 916.2.

53 P.S. § 10909.1(a)(3) and (8). The MPC defines a "determination" as a "final action by an officer, body or agency charged with the administration of any land use ordinance or applications thereunder...." Section 107 of the MPC, 53 P.S. § 10107(b).

In addressing the ZHB's jurisdiction, the trial court noted the definition of "determination" and the broad language, "including but not limited to" in section 909.1(a)(3) of the MPC. The trial court further recognized that there is no re-

---

2. The relevant amendments relate to the size and use of the proposed lots.

3. Although Gervais did not explain the basis for his opinion to Stambaugh, Gervais testified that he based his answer on the minutes from the Board's December 2003 meeting, (ZHB's Findings of Fact, No. 19; R.R. at 134a); Gervais later agreed that the meeting was on November 12, 2003, (R.R. at 137a).

4. Where, as here, the trial court has not taken any additional evidence, our scope of review is limited to determining whether the ZHB committed a manifest abuse of discretion or an error of law. *Folino v. Greenwich Township*, 862 A.2d 176 (Pa.Cmwlth.2004).

5. Act of July 31, 1968, P.L. 805, *added by* the Act of December 21, 1988, P.L. 1329, *as amended*, 53 P.S. § 10909.1(a)(3) and (8).

quirement in the MPC that a determination be in writing. Additionally, the trial court stated that Gervais "had been supplied with the plans and other materials describing the proposed use or development of the land."[6] The trial court then concluded that Gervais' statement to Stambaugh that Ordinance 177 would apply to the Plan constitutes a determination. We agree with the trial court that, given the broad language of section 909.1(a)(3) and Gervais' admission that he reviewed the plans, the ZHB did not err as a matter of law or abuse its discretion in concluding that Gervais' statement was a determination by the Zoning Officer over which it had jurisdiction.

▌ Moreover, it is appropriate and serves the interest of judicial economy to resolve the zoning issue at this juncture. In *Borough of Jenkintown v. Board of Commissioners of Abington Township,* 858 A.2d 136 (Pa.Cmwlth.2004), this court discussed the zoning officer's role in making determinations in the context of subdivision and land development proposals under Article V of the MPC.[7] Although noting various ambiguities in the MPC, including the fact that the MPC is silent as to the timing of challenges to the zoning aspect of a land development approval, this court adhered to our supreme court's determination that zoning issues should be resolved no later than the acceptance of the final plan by the governing body, here, the Board. *Id.* (citing

*Graham v. Zoning Hearing Board of Upper Allen Township,* 520 Pa. 526, 555 A.2d 79 (1989)). Moreover, this court stressed the separation of authority between governing bodies and zoning hearing boards or zoning officers, stating, "while a governing body may interpret zoning ordinances in the land development review process, it has no authority to render final determinations resolving questions such as whether a use is permitted and whether relief from zoning ordinances is warranted." *Borough of Jenkintown,* 858 A.2d at 142. Furthermore, where a municipality has a zoning officer, he or she generally acts "in a gate-keeper-type capacity, sheltering zoning hearing boards from the duty to render preliminary decisions as to zoning compliance ... [and] the MPC provides for relief from such officers' determinations by its jurisdictional grant to zoning hearing boards." *Id.* at 140. Applying this reasoning here, we conclude that because zoning plays a decisive role in the Board's decision as to whether to approve or disapprove the Plan, and because there is a Zoning Officer to preliminary decide zoning issues, it is proper for Gervais to issue a "determination" at this stage so that the Board has the necessary information to make an informed decision on the Plan. *See Graham.* Accordingly, the ZHB did not err in assuming jurisdiction over this matter under section 909.1(a)(3) of the MPC.[8]

---

6. Although Gervais testified that the Partnership did not submit any written materials to him, he admitted that, on May 14, 2003, he reviewed a sketch plan that the Partnership submitted to the Township and that he reviewed the Plan prior to the January 14, 2004, conversation with Stambaugh. (R.R. at 136a, 138a.)

7. In *Borough of Jenkintown,* this court considered both the MPC and the Borough's subdivision and land development ordinance (SALDO). Here, the Township SALDO also

contemplates the involvement of the Township Zoning Officer. *See* Township SALDO, Art. III, § 165–14(B)(4) (stating that the Board shall consider the Zoning Officer's comments and recommendations).

8. Because the ZHB had jurisdiction pursuant to section 909.1(a)(3), it is not necessary to determine whether the ZHB also had jurisdiction under section 909.1(a)(8) or to address any arguments related thereto.

The Township next argues that the ZHB erred as a matter of law or abused its discretion by holding that the Amended Zoning Ordinance did not apply to the Plan. The Township concedes that section 508(4) of the MPC governs this issue. That section provides, in relevant part:

Changes in the ordinance shall affect plats [9] as follows:

(i) From the time an application for approval of a plat, whether preliminary or final, is duly filed as provided in the subdivision and land development ordinance, and while such application is pending approval or disapproval, no change or amendment of the zoning, subdivision or other governing ordinance or plan shall affect the decision on such application adversely to the applicant and the applicant shall be entitled to a decision in accordance with the provisions of the governing ordinances or plans *as they stood* at the time the application was duly filed.

53 P.S. § 10508(4)(emphasis added). The Township argues that because section 508(4) uses the phrase "as [the ordinance] stood" rather than "in effect" at the time the plan was filed, it is the date of enactment rather than the effective date that controls.[10] Again, we disagree with the Township's argument.

Our supreme court has interpreted section 508(4) of the MPC and stated that this section essentially provides that "applications for approval of a subdivision plat are governed by ordinances *in effect* at the time the applications were filed." *Naylor*

*v. Township of Hellam*, 565 Pa. 397, 407 n. 6, 773 A.2d 770, 776 n. 6 (2001); *see Monumental Properties, Inc. v. Board of Commissioners of Whitehall Township*, 11 Pa. Cmwlth. 105, 311 A.2d 725 (1973) (holding that the Legislature clearly stated in section 508(4) of the MPC that a preliminary land development plan may not be disapproved on the basis of subsequently enacted zoning changes).

 Here, Ordinance 177 provides that it will become "effective five days after its enactment." (Ordinance 177, § 19; R.R. at 10a.) An ordinance's effective date is defined as the date on which it "becomes enforceable or otherwise takes effect, which sometimes differs from the date on which it was enacted or signed," Black's Law Dictionary 554 (8th ed.2004), or the date on which it "tak[es] effect [or is] valid, operative," Webster's Third New International Dictionary 724 (1993). Moreover, pursuant to section 1601(a) of The Second Class Township Code,[11] Ordinance 177 could not become effective any earlier than five days after its adoption. 53 P.S. § 66601(a) (stating that ordinances "are effective five days after adoption unless a date later than five days after adoption is stated in the ordinance"). Section 1601(a) clearly distinguishes between the date of adoption and the effective date. Therefore, construing "effective date" according to its common and approved usage and following the mandate of section 1601(a) and the plain language of Ordinance 177, Ordinance 177, which was en-

9. A plat is "the map or plan of a subdivision or land development, whether preliminary or final." 53 P.S. § 10107(a).

10. In support of its argument, the Township analogizes this case to those decided under the pending ordinance doctrine. However, as the Township acknowledges, the pending ordinance doctrine does not apply to applications for subdivision or land development be-

cause they are governed by section 508(4) of the MPC. *Naylor v. Township of Hellam*, 565 Pa. 397, 407 n. 6, 773 A.2d 770, 776 n. 6 (2001). Therefore, this analogy is not persuasive.

11. Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. § 66601(a).

acted October 21, 2003, became effective, or operative, on October 26, 2003. 1 Pa. C.S. § 1903 (stating that words and phrases shall be construed according to their common and approved usage).

Here, the Partnership filed the Plan after the enactment of Ordinance 177 but prior to its effective date. Because Ordinance 177 was not effective on the date the Plan was filed, it cannot apply to the Plan; rather, the Partnership is entitled to a decision on its Plan under the Original Zoning Ordinance. *See* 53 P.S. § 10508(4); *Naylor.*

Accordingly, we affirm.

## ORDER

AND NOW, this 3rd day of May, 2005, the September 13, 2004, order of the Court of Common Pleas of York County is hereby affirmed.