

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2008

# Harris v. Twp of O'Hara

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5032

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Harris v. Twp of O'Hara" (2008). *2008 Decisions.* Paper 1072.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1072

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  06-5032
_____

CINDY HARRIS; F. RICHARD HEATH;
JAY MANKITA; KATHY MOSER,

Appellants,

v.

TOWNSHIP OF O'HARA, Allegheny County, Pennsylvania; ZONING
HEARING BOARD OF O'HARA TOWNSHIP; O'HARA TOWNSHIP COUNCIL;
CINDY L. DAVIS, in her individual capacity and as Zoning Officer of
O'Hara Township; DOUGLAS C. ARNDT, in his individual
capacity and as Township Manager, O'Hara Township,

Appellees.


_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C.  No. 06-cv-00169
Magistrate Judge: Honorable Lisa Pupo Lenihan
_____

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2008

Before: SMITH, HARDIMAN and NYGAARD, *Circuit Judges*.


(Filed: June 3, 2008)

HARDIMAN, *Circuit Judge*.

This is an appeal from an order of the District Court[1] dismissing Appellants' constitutional challenge to a residential zoning ordinance and the manner in which it was enforced.  We will affirm.

## I.

Because we write exclusively for the parties, we will recount only those facts essential to our decision.

Appellants periodically held "house concerts" in a residential neighborhood of O'Hara Township.  After neighbors complained about the frequency of these concerts and the traffic they generated, the Township Zoning Officer issued an Enforcement Notice instructing homeowners Cindy Harris and F. Richard Heath to cease holding house concerts because they were not permitted in the residential zoning district.

Harris and Heath appealed the Enforcement Notice to the Township's Zoning Hearing Board (ZHB), which conducted a hearing and affirmed the Zoning Officer's determination.  In its written opinion, the ZHB found that the frequency of the events, their advertisement in local newspapers and on Appellants' website, the "request" for

---

[1]  The District Court granted the parties' request to proceed before Magistrate Judge Lisa Pupo Lenihan.  Accordingly, we refer herein to the Magistrate Judge.

donations from guests at the door, and the heavy vehicular traffic generated by guests, were cumulatively indicative of commercial activity.

Appellants responded to the 2003 ZHB decision by reducing the frequency of the house concerts, advising their guests to avoid obstructing the street or neighbors' driveways, and ceasing to advertise in the print media. Appellants continued to take "donations" and counseled readers of their website to contact them about "house concerts in the Pittsburgh area." The Township took no action in 2004 or 2005, even though Appellants hosted a number of house concerts during this time. In January 2006, however, the Township's Zoning Officer sent a letter noting that Appellants had advertised several house concerts on a local internet message board, and informing them that going forward with these events would place them in violation of the 2003 ZHB decision. Appellants did not appeal to the ZHB, instead choosing to seek relief in federal court.

## II.

### A.

In a thorough and incisive opinion, the Magistrate Judge explained why Appellants' claims failed as a matter of law. The Magistrate Judge held that all claims arising from the 2003 Enforcement Notice and ZHB decision were barred by the two-year statute of limitations. *See Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003). On appeal, Appellants first argue that their claims were not time-barred because

3

of the continuing violation doctrine, an "equitable exception to the timely filing requirement." *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001) (internal citation omitted). Under this doctrine, a plaintiff may bring suit for acts that otherwise would be time-barred "so long as the last act evidencing the continuing practice falls within the limitations period." *Id.* When determining whether to apply the doctrine, we look to whether the defendant's conduct is "more than the occurrence of isolated or sporadic acts," taking into account whether: (1) the violations constitute the same type of injury, tending to connect them in a continuing violation; (2) the acts are recurring or more in the nature of isolated incidents; and (3) the acts had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his rights. *Id.* Of these three factors, degree of permanence is the most important. *Id.*

Here, we have little difficulty affirming the Magistrate Judge's holding that the continuing violations doctrine does not operate to extend the limitations period. Both the 2003 and 2006 actions purported to prohibit house concerts in Appellants' residence. Because O'Hara Township took virtually no affirmative enforcement action against Appellants for nearly three years, however, it cannot be said that the 2003 and 2006 actions were part of a recurring or continuing practice. *See id.* at 293 ("The focus of the continuing violations doctrine is on affirmative acts of the defendants"). More importantly, the restrictions on house concerts set forth in the 2003 ZHB decision are precisely the same restrictions that Appellants now argue worked a violation of their

4

constitutional rights. Thus, the 2003 ZHB decision affirming the Enforcement Notice triggered Appellants' duty to assert any constitutional violations. If, as Appellants argue, it was not apparent until 2006 that a categorical prohibition on all house concerts had been imposed, then the appropriate course of action would have been to pursue a claim with respect to the 2006 letter, rather than attempting to revive stale claims under the guise of a tenuous continuing violations theory.

Similarly unpersuasive is Appellants' assertion that O'Hara Township's alleged concealment of its intent to ban all house concerts requires tolling of the statute. To benefit from the doctrine of fraudulent concealment, a plaintiff must demonstrate that the defendant engaged in affirmative acts which actively misled the plaintiff and were designed to conceal facts supporting the cause of action. *Forbes v. Eagleson*, 228 F.3d 471, 487 (3d Cir. 2000). Here, it is unclear how O'Hara Township's failure to enforce the purported ban on house concerts was designed to conceal facts supporting Appellants' cause of action. Indeed, Appellants hosted house concerts throughout the relevant period. Thus, O'Hara Township could not have concealed a complete ban on house concerts at the time of the 2003 ZHB action because no such ban existed at that time.

## B.

Consistent with their continuing violation theory, Appellants claim that they were not required to appeal the 2006 Enforcement Notice to the ZHB because it was merely an enforcement of the 2003 ZHB decision. The Magistrate Judge disagreed, holding that

Appellants' claims with respect to the 2006 letter were not ripe for judicial review.

Constitutional challenges to land-use decisions under 42 U.S.C. § 1983 may not proceed unless the local authority has been given the opportunity to render a final decision regarding the challenged zoning ordinance. *See Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1290-91 (3d Cir. 1993). A property-owner "has a high burden of proving that a final decision has been reached by the agency before it may seek compensatory or injunctive relief in federal court on federal constitutional grounds." *Acierno v. Mitchell*, 6 F.3d 970, 975 (3d Cir. 1993) (internal citation omitted). Here, the ZHB was not provided the opportunity to render a final decision on the 2006 action because Appellants made no attempt to appeal the Zoning Officer's determination.

Appellants maintain that they were excused from appealing to the ZHB because the 2006 letter from the Township Zoning Officer was simply an enforcement of the 2003 ZHB decision and was not an appealable "determination" under Pennsylvania's Municipalities Planning Code (MPC). But the 2006 letter addressed a different set of factual circumstances than the 2003 ZHB decision, which was limited to "the particular concerts as a whole, and conducted in the manner in which they have been handled heretofore." Thus, the letter cannot reasonably be characterized as a mere continuation of the 2003 action. Nor can it be plausibly maintained that it was not an appealable determination under the MPC. Pennsylvania courts have made clear that even an informal and unwritten interpretation by zoning officers may constitute an appealable

6

"determination." *See N. Codorus Twp. v. N. Codorus Twp. Zoning Hearing Bd.*, 873 A.2d 845, 846-47 (Pa. Commw. 2005); *Collis v. Zoning Hearing Bd.*, 415 A.2d 102, 103-04 (Pa. Commw. 1980). Here, Appellants received a written document setting forth the Zoning Officer's opinion that they were in violation of the ordinance. This was a "determination" under the MPC which Appellants were required to appeal to the ZHB before seeking a remedy in federal court.

## III.

Appellants also claim that the Township's zoning ordinance is unconstitutionally vague, overbroad, and a prior restraint on speech. The Magistrate Judge did not err in dismissing this facial challenge.

Localities exercise broad discretion over land use matters and a zoning plan that makes distinctions that are rationally related to a community's legitimate goals will be upheld. *Congregation Kol Ami v. Abington Twp.*, 309 F.3d 120, 135-136 (3d Cir. 2002). The O'Hara Township zoning ordinance — which seeks to preserve the residential character of neighborhoods by excluding commercial activity — plainly satisfies this deferential standard.

The ordinance's failure to specifically define the phrase "commercial activity" is of no import, as common understanding and practice, coupled with numerous state and federal precedents interpreting the phrase, is sufficient to give fair warning of prohibited conduct. *See Grayned v. City of Rockford*, 408 U.S. 104, 110 (1971). Nor is there any

7

"realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court." *Bd. of Airport Comm'rs v. Jews for Jesus, Inc.*, 482 U.S. 569, 572 (1987). We are unpersuaded by Appellants' hyperbolic argument that political fundraisers, book clubs, pot luck suppers, Spanish language study groups, and Steeler parties are in jeopardy, as these are not commercial activities, particularly as defined in the 2003 ZHB decision. Finally, given that the ordinance does not on its face require any permit or fee for residential gatherings, Appellants' prior restraint argument was properly rejected.

For all the foregoing reasons, we will affirm the judgment of the District Court.