IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Montessori Regional Charter : 
School, Franklin and Sandy : 
Laskowski, David and Mary : 
Anne Michalak and Russell Buck, : 
             Appellants : 
     : 
       v. : No. 2468 C.D. 2015
     : Submitted: July 8, 2016
     : 
Millcreek Township Board of : 
Supervisors, Millcreek Township : 
School District : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT          FILED: September 16, 2016

      Montessori Regional Charter School (Montessori), Franklin and Sandy Laskowski, David and Mary Anne Michalak and Russell Buck (collectively, Objectors) appeal an order of the Court of Common Pleas of Erie County (trial court) that affirmed the decision of the Millcreek Township Board of Supervisors to approve a final subdivision plan filed by the Millcreek Township School District (School District). Because the School District's subdivision plan conflicted with the Township's zoning regulations, we reverse and remand.

      In 1951, the School District built the Ridgefield Elementary School on the subject property, which is located in the Township's R-1 single-family residential zoning district. The entire Ridgefield property measures 7.927 total acres and includes a playground, a parking lot and open space. In 2013, the School District closed the Ridgefield Elementary School for lack of use. In July 2014, the

School District listed the Ridgefield property for sale. In August 2014, Montessori, the only charter school in Millcreek Township, offered to purchase the Ridgefield property for $1.1 million in cash. The School District rejected the offer. On December 4, 2014, VNet Holdings, LLC (VNet) offered to purchase a portion of the property for $1.1 million, contingent upon the property being rezoned so that VNet could use the school building for commercial offices.

On December 16, 2014, the School District filed an application for the Township's approval of a final subdivision plan to divide the Ridgefield property into two parcels. Proposed Lot 1 measured 5.158 net acres and contained the former school building and parking lots. Proposed Lot 2 measured 1.614 net acres and was comprised of open space. The District's application stated that the intended use for proposed Lot 1 would be "[o]ffices." Reproduced Record at 5a (R.R. __). On March 19, 2015, the School District revised its subdivision plan to create three lots. Lot 1, measuring 4.905 net acres, contains the former school building and parking lot. What was Lot 2 in the original plan was further divided into Lots 2 and 3, which measure 0.906 acres and 0.961 acres, respectively. Lots 2 and 3 consist of a vacant field.

On April 14, 2015, the Township's Planning Commission considered the subdivision plan at its regular meeting. The Planning Commission recommended approval of the plan with the provisos that Lots 2 and 3 be labeled as dedicated as a public park and the rear setback lines for Lots 2 and 3 be removed from the drawing. On April 27, 2015, the School District amended its subdivision application to describe the proposed use of the property as follows:

> Lot 1 – present use – school district storage; future proposed use – office space based upon future rezoning request. Lots 2 and 3 – Open Space in accordance with school district facility use policy.

2

R.R. 72a.

On April 28, 2015, the Board of Supervisors considered the School District's final subdivision application at its regular meeting. The Board voted unanimously to approve the application with the two requirements recommended by the Planning Commission. In its written decision dated May 12, 2015, the Board explained:

> The division of one large parcel into three smaller lots, alone, does not affect the lands' zoning classification, [or] the authorized uses of land or aspects of use[.] … The School District has not requested a modification which might require dedication of open space in return; it simply intends to dedicate as open space for public use and enjoyment proposed Lots 2 and 3, which would ensure a separation and buffer for the residential subdivision to the east even if [Lot 1]'s use or zoning classification should change in the future.
>
> * * *
>
> This plan application did not seek a change in the property's zoning classification. It is likely that the School District, in the future, will ask that this Board approve some change in the zoning classification of Lot 1 …. If that rezoning is not approved, the former school building will have to be used for some purpose authorized in the R-1 Single Family Residential zoning district. If a rezoning is approved, then creation of dedicated open space [Lots 2 and 3] will assure a buffer between properties in Knobloch Place Subdivision to the east and the school building lot [Lot 1].

R.R. 95a, 97a. Concluding that the final subdivision plan met all of the applicable regulations in the Township's Subdivision and Land Development Ordinance (SALDO),[1] the Board approved the application.

---

[1] MILLCREEK TOWNSHIP SUBDIVISION AND LAND DEVELOPMENT ORDINANCE, Ordinance No. 2006-9, as amended to October 2011 (SALDO). The SALDO is available online at **(Footnote continued on the next page . . . )**

3

Objectors are Montessori, which seeks to purchase all three lots, and property owners that neighbor the vacant Ridgefield Elementary School. They appealed to the trial court, arguing that the Board erred in approving the subdivision plan because the SALDO requires a subdivision plan to comply with the Township's Zoning Ordinance,[2] and the School District's proposed future use of Lot 1 for "offices" is not permitted in the R-1 Single Family Residential zoning district. The trial court rejected Objectors' argument, holding that "[t]he Board did not attempt to change a zoning requirement or to allow a nonconforming use via the subdivision" when it approved the plan. Trial Court opinion, 11/15/2015, at 5-6. The present appeal followed.

On appeal,[3] Objectors argue, as they did before the trial court, that the Board erred because the SALDO requires a subdivision plan to comply strictly with all applicable zoning requirements. Objectors maintain that by proposing a commercial use for proposed Lot 1, *i.e.*, "office space," which is not permitted in the residential zoning district where the property is located, the School District's application conflicted with the Zoning Ordinance. R.R. 72a. Objectors urge the

---

**(continued . . . )**
http://www.millcreektownship.com/Portals/0/pdf/ordinances/Subdivision%20&%20Land%20Dev.%20Ordinance%202006-9%20amended%20to%202011.pdf (last visited September 14, 2016).

[2] MILLCREEK TOWNSHIP ZONING ORDINANCE, Ordinance No. 2011-8, as amended to 2014 (Zoning Ordinance). The Zoning Ordinance is available online at http://www.millcreektownship.com/Portals/0/pdf/ordinances/ZoningNEW.pdf (last visited September 14, 2016).

[3] This Court's scope of review in a land use appeal, where, as here, the trial court did not take additional evidence, is to determine whether the governing body committed an error of law or abused its discretion. *CACO Three, Inc. v. Board of Supervisors of Huntington Township*, 845 A.2d 991, 993 n.1 (Pa. Cmwlth. 2004). The governing body abuses its discretion when its findings are not supported by substantial evidence, *i.e.*, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

4

Court to consider the record in a companion case involving Montessori's challenge to the School District's private sale of the Ridgefield property to VNet.[4] Objectors contend that the record in that case buttresses their claim that the sole purpose of the School District's subdivision plan was to advance its effort to use a private sale to transfer Lot 1 to VNet for a commercial use. The School District responds that its present use of the property "does not violate the Township's Subdivision Ordinance nor the Zoning Ordinance." School District Brief at 6.

We begin with the relevant provisions of the SALDO. Section 4.03 states that "[n]o subdivision or land development shall be recommended for approval or approved unless such application complies fully with the provisions of this Ordinance, [and] with regulations established in the Zoning Ordinance[.]" SALDO §4.03. Section 4.02 requires "[s]trict compliance." SALDO §4.02. The relevant provision of the Zoning Ordinance, Section 4.02.2, identifies the following "[u]ses permitted in the R-1 Single Family Residential District":

(1)     One family dwelling.

(2)     Religious Establishment.

(3)     Outdoor park or recreational facility not operated as a business for profit.

(4)     Group Residence Facility (maximum of six residents).

(5)     Public and Non-Public school.

(6)     Essential Services, provided that they shall be necessary to the adequate distribution of service and shall not

---

[4] *In the Matter of Private Sale of Property by the Millcreek Township School District* (Pa. Cmwlth., No. 1922 C.D. 2015, filed July 20, 2016). On July 20, 2016, this Court decided the appeal in favor of Montessori and remanded the case for a public sale of all or part of the Ridgefield property.

include any type of equipment that will interfere with local radio and/or television reception or otherwise be detrimental to the surrounding area.

ZONING ORDINANCE §4.02.2. Thus, commercial uses, including offices, are not permitted in the R-1 district by right, nor are they permitted by special exception. *See* ZONING ORDINANCE §4.02.4.[5] Section 1.06 of the Zoning Ordinance states that *"[n]o ... land [shall] be used or designed to be used*, except in full compliance with all provisions of this Ordinance, and the subsequent lawful issuance of all permits and certifications required by this Ordinance." ZONING ORDINANCE §1.06 (emphasis added). Objectors argue that the Board erred in approving the School District's subdivision plan because it is "designed" to have proposed Lot 1 be used as commercial "office space," in violation of the Zoning Ordinance. R.R. 72a.

Case law is instructive on whether a conflict with a zoning regulation requires disapproval of a subdivision and development plan application. In *Borough of Jenkintown v. Board of Commissioners of Abington Township*, 858 A.2d 136 (Pa. Cmwlth. 2004), this Court considered whether a township board of supervisors erred in approving a development plan to build apartment buildings because the plan did not comply with the zoning ordinance and could not be implemented without the grant of variances from the zoning hearing board. We held that the board erred in approving the plan and reversed the trial court's decision to affirm the board. We explained:

_____

[5] Section 4.02.4 of the Zoning Ordinance allows the following uses by special exception in the R-1 district: bed and breakfast inn, home occupation, in-law apartment and wind energy conversion system.

[B]oth the Township's SALDO and the MPC[6] contemplate that a party seeking to develop land in the *Township must obtain from the zoning hearing board any waivers, variances, or special exceptions necessary under the Township's zoning ordinance before the Board of Supervisors may grant approval of a land development application. See Graham v. Zoning Hearing Board of Upper Allen Township*, 520 Pa. 526, 555 A.2d 79 (1989). However, before seeking such zoning relief, the SALDO, the zoning ordinance, and the appeal provisions of the MPC recognize that a developer generally needs to seek such relief or approval from a zoning hearing board only if the proposed use does not comply with the terms of the zoning ordinance.

*Id*. at 140 (emphasis added). Accordingly, in reviewing the land use plan, the board of supervisors was required to determine "whether a proposal complies with the zoning ordinance." *Id*. at 141. In *Borough of Jenkintown*, we concluded that because the plan in question was defective, the board of supervisors erred in approving the land development plan. Rather, the board "could at most have granted conditional approval [of the plan], awaiting approval by the Township under Section 704 of the zoning ordinance." *Id*. at 142.

Similarly, in *Residents Against MATRIX v. Lower Makefield Township*, 845 A.2d 908 (Pa. Cmwlth. 2004), the township board of supervisors approved an amendment to a master development plan for a commercial development. While the objectors' appeal from that decision was pending, the board approved the first phase of the development even though there were zoning issues. The objectors appealed the approval of the first phase, which was rejected

---

[6] Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101 – 11202. The MPC separates subdivision and land development approvals, which lie within the jurisdiction of the municipal governing body, from zoning issues, which generally fall within the jurisdiction of the zoning hearing board. *See* Section 909.1 of the MPC, 53 P.S. §10909.1, added by the Act of December 21, 1988, P.L. 1329, *as amended*.

by the trial court. On further appeal, this Court held that the board of supervisors erred because the zoning hearing board had to review and approve the plans prior to the grant of final subdivision approval. We emphasized that the board of supervisors' approval

> does not, and in fact cannot, render a decision upon the use of the land. Instead, the use of the land, and each building erected thereon, must comply with the various zoning ordinances that govern use and occupancy of the buildings.

*Id*. at 910-11. For these reasons, we reversed the trial court's order denying the objectors' appeal.

The above cases teach that a governing body reviewing a final land use plan must determine if there are any zoning issues. If zoning relief is required, *e.g.*, a variance or special exception, the applicant should apply to the zoning hearing board for such relief prior to seeking approval of a land use plan. Where the applicant does not follow that sequence and there are zoning issues, the governing body may, at most, issue a conditional approval that awaits the applicant first obtaining necessary zoning relief from the zoning hearing board. *Borough of Jenkintown*, 858 A.2d at 142.

In the case *sub judice*, the School District's final subdivision plan was "designed" for the purpose of using the Ridgefield property as follows:

> Lot 1 – present use – school district storage; future proposed use – office space based upon future rezoning request. Lots 2 and 3 – Open Space in accordance with school district facility use policy.

R.R. 72a. The School District's present use is irrelevant to the merits of its subdivision plan. The Zoning Ordinance states that "[n]o … land [shall] be used *or designed to be used*, except in full compliance with all provisions of this

Ordinance." ZONING ORDINANCE §1.06 (emphasis added). Further, Section 4.02 of the SALDO states that no "subdivision or land development plan shall be recommended for approval or approved unless such application complies fully ... with regulations established in the Zoning Ordinance." SALDO §4.03. The final plan's proposed use of Lot 1 for "office space" does not "fully" comply with the Zoning Ordinance. To the contrary, the subdivision of the Ridgefield property is "designed to be used" for a commercial purpose, which directly conflicts with the zoning regulations for the R-1 residential district. As in *Borough of Jenkintown* and *Residents Against MATRIX*, the Township Board of Supervisors erred in granting the final approval of the School District's subdivision plan in light of the zoning defects.

For all of the foregoing reasons, we reverse the trial court's order and remand with instructions to remand this matter to the Board to issue, at most, a conditional approval that awaits the Township's approval of a variance or amendment to the Township's Zoning Ordinance as necessary to allow Lot 1 to be used for a commercial purpose.

_____
MARY HANNAH LEAVITT, President Judge

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Montessori Regional Charter School, Franklin and Sandy Laskowski, David and Mary Anne Michalak and Russell Buck, Appellants | : : : : : : | |
| v. | : : | No. 2468 C.D. 2015 |
| Millcreek Township Board of Supervisors, Millcreek Township School District | : : : | |

## O R D E R

AND NOW, this 16th day of September, 2016, the order of the Court of Common Pleas of Erie County (trial court) in the above-captioned matter dated November 5, 2015, is REVERSED and this matter is REMANDED. The trial court is directed to remand the matter to the Millcreek Township Board of Supervisors, with direction to amend its approval of the Millcreek Township School District's final subdivision plan to issue a conditional approval that awaits the Township's approval of a variance or amendment to the Zoning Ordinance as necessary to allow Lot 1 to be used for a commercial purpose.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge

Montessori Regional Charter : 
School, Franklin and Sandy : 
Laskowski, David and Mary : 
Anne Michalak and Russell Buck, : 
             Appellants : 
              : 
          v. : No. 2468 C.D. 2015
              : Submitted: July 8, 2016
Millcreek Township Board of : 
Supervisors, Millcreek Township : 
School District : 


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


DISSENTING OPINION BY
SENIOR JUDGE PELLEGRINI         FILED: September 16, 2016


      The majority reverses the trial court's affirmance of the Millcreek Township Board of Supervisors' (Board) approval of a final minor subdivision plan filed by the Millcreek Township School District (School District) because, purportedly, the plan conflicts with Millcreek Township's (Township) zoning regulations. Because the plan, as filed, complies with the Township's Zoning Code in all respects, I respectfully dissent.

      The School District owns what is commonly known as the Ridgefield Property, consisting of approximately 7.9 acres and located in a single-family zoning

district.  The School District applied to the Township to subdivide the property into three separate lots.  Lot 1 would encompass about 5.9 acres containing the Ridgefield Elementary School building, a playground, a parking lot and open space.  Lots 2 and 3 are approximately two acres in size.  In its amended subdivision application, the School District described the proposed use of the property as follows:

> Lot 1 – present use – school district storage; future proposed use – office space based upon future rezoning request.  Lots 2 and 3 – Open Space in accordance with school district facility use policy.

(Reproduced Record (R.R.) at 72a.)

Overturning the Board and the trial court's approval of the subdivision plan, the majority finds that because a future zoning request may be forthcoming to use Lot 1 for "office space," that plan violates the Township's Subdivision and Land Development Ordinance (SALDO) requirement that a subdivision plan comply strictly with all applicable zoning requirements because office space is not permitted in a residential zoning district.

Contrary to the majority's position, though, there is nothing in the School District's proposed subdivision request that sought approval from the Township of any new use or a zoning change of Lot 1.  The only request before the Board was for subdivision approval that involved uses that were authorized within the single-family zoning district – a school building and open space.  As the Board found:

DRP - 2

> This plan application did not seek a change in the property's zoning classification. It is likely that the School District, in the future, will ask that this Board approve some change in the zoning classification of Lot 1 of this subject property. **If that rezoning is not approved, the former school building will have to be used for some purpose authorized in the R-1 Single Family Residential zoning district.**

(Finding of Fact 6, Supervisors' Decision, R.R. 159a.) The subdivision application was only approved for uses that were permitted in a single-family zoning district under the Township's Zoning Ordinance, making it in conformance with the SALDO requirement that it must comply with all applicable zoning requirements.

From other cases regarding this property,[1] there is no doubt that the School District does not want to sell any portion of the Ridgefield Property to Montessori Regional Charter School, and there is no doubt that Montessori does not want to purchase anything less than the entire property, which is the reason that it opposes the subdivision of the lots. But that does not mean that we conflate those cases into this appeal. Nonetheless, a property owner has a right to subdivide its property, and we should not add something to the application that is not there to reject an otherwise valid subdivision plan. Moreover, the motive behind why a property owner wants to subdivide and whether you agree with that motive is not an issue in a zoning appeal. The only issue before us is whether the Board properly determined that the application complied with the zoning ordinance.

---

[1] *See: In the Matter of Private Sale of Property by the Millcreek Township School District*, ___ A.3d. ___ (Pa. Cmwlth. No. 1922 C.D. 2015, filed July 20, 2016); *Montessori Regional Charter School v. Millcreek Township School District*, (Pa. Cmwlth. No. 248 C.D. 2016, filed September 7, 2016).

Accordingly, based on the findings made by the Board that the approval of the subdivision only involved uses permitted in a single-family zoning district, I would affirm the trial court and respectfully dissent.

_____
DAN PELLEGRINI, Senior Judge