# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Bethlehem,            :
           Appellant       :
           :
     v.                :   No. 796 C.D. 2023
           :
Zoning Hearing Board of the City of   :
Bethlehem and Lady Mohawk LLC    :   Submitted: May 7, 2024

BEFORE:    HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE MATTHEW S. WOLF, Judge

## <u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOLF               FILED: June 13, 2024

The City of Bethlehem (City) has filed a notice of appeal from an order of the Court of Common Pleas of Northampton County (trial court) entered on June 21, 2023, affirming a determination of the Zoning Hearing Board of the City of Bethlehem (ZHB), that granted Lady Mohawk LLC's (Applicant) application for interpretative appeal.

## BACKGROUND

The facts as revealed in the ZHB's decision and as gleaned from the record are summarized below. Applicant owns three properties in the City's southside: 405 Selfridge Street (acquired on June 15, 2020), 406 Jackson Street (acquired December 19, 2019), and 412 Jackson Street (acquired December 2019 or January 2020) (the Properties). Presently, the Properties are each improved with a single-family detached dwelling. They have been operated as student housing rentals since Applicant acquired them. Applicant has registered the Properties as student house

rentals with the City and operates them subject to the City's Rental Ordinance. ZHB Decision, Findings of Fact (F.F.) Nos. 2-9.[1]

In August of 2020, Applicant submitted a sketch plan to the City representing Applicant's plan to consolidate the Properties, to demolish the three existing single-family detached dwellings, and to build a cluster of three townhomes, each containing three units. ZHB Decision, F.F. No. 15. The sketch plan was reviewed by the City's Planning Commission and in October of 2020, Applicant submitted an application for Final Land Development Approval (Land Development Plan) which was largely consistent with the sketch plan. *Id.*, F.F. Nos. 17-18.

While the Land Development Plan was pending, Bethlehem City Council scheduled public hearings to discuss amendment of the City's Zoning Ordinance to create a Student Housing Overlay District, which limited new student housing to certain geographic areas in the City. ZHB Decision, F.F. No. 21. The Zoning Ordinance Amendment was passed on March 2, 2021, and came into effect on March 23, 2021, as Ordinance 2021-07. F.F. No. 23.

On March 4, 2021, Applicant, through counsel, emailed Craig Peiffer, the Zoning Officer for the City (Zoning Officer Peiffer or Peiffer), seeking a determination that the Zoning Ordinance as it existed prior to the enactment of the Amendment applied to the Land Development Plan. ZHB Decision, F.F. No. 24. Zoning Officer Peiffer requested and received additional information from Applicant. *Id.*, F.F. No. 27. By letter dated April 27, 2022, Darlene Heller, the City's Director of Planning and Zoning (Director of Planning and Zoning Heller or Heller) confirmed that the Properties were operating as permitted student housing rentals prior to the adoption of the Zoning Ordinance Amendment. The letter further

---

[1] The ZHB's decision is attached as Appendix "A" to the City's brief.

indicated that while the townhomes proposed by Applicant were permitted by right, they could not function as student rental units because the Properties are outside the overlay district created by the Zoning Ordinance Amendment. *Id.*, F.F. No. 29. Of note, the letter was not signed by Zoning Officer Peiffer, and the letter made no reference that it was a determination from him. Furthermore, the April 27, 2022 letter did not contain language advising that it was a zoning determination, that the letter was subject to appeal, or that an appeal needed to be filed by a date certain. *Id.*, F.F. No. 30. Sometime after April 27, 2022, Zoning Officer Peiffer spoke with counsel for Applicant and confirmed that the April 27, 2022 letter "should be appealed by Applicant." *Id.*, F.F. No. 31.

On June 22, 2022, Applicant filed the application, seeking an interpretation of whether the Zoning Ordinance as it existed prior to the passing of the Zoning Ordinance Amendment applied to the Land Development Plan and permitted student housing in the proposed nine new townhomes. ZHB Decision, F.F. No. 32.

The initial issue before the ZHB was whether Applicant filed a timely appeal from the determination that the Zoning Ordinance Amendment applied to the Properties. The City argued that Applicant's June 22, 2022 appeal was untimely and should have been dismissed without reaching the merits because the April 27, 2022 letter was a "determination", and an appeal should have been filed within 30 days of the April 27, 2022 letter. ZHB Decision at 9. In response, Applicant argued that its appeal was timely because the April 27, 2022 letter was authored by Director of Planning and Zoning Heller and was not a determination of a zoning officer. *Id.*

The ZHB looked to the Pennsylvania Municipalities Planning Code (MPC)[2] to address the timeliness issue. Section 615 of the MPC, 53 P.S. § 10615, provides

_____

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

3

that "[a]ll appeals from decisions of the *zoning officer* shall be taken in the manner set forth in [the] act." (emphasis added). Furthermore, Section 914.1(b) of the MPC, 53 P.S. § 10914.1,[3] states that "[a]ll appeals from determinations adverse to the landowners shall be filed by the landowner within 30 days after notice of the determination is issued." Section 909.1(a)(3) of the MPC grants the ZHB exclusive jurisdiction to hear and render final adjudications in "[a]ppeals from the determination of the *zoning officer*, including, but not limited to, the granting or denial of any permit, or failure to act on the application therefor, the issuance of any cease and desist order or the registration or refusal to register any nonconforming use, structure or lot." 53 P.S. § 10909.1(a)(3) (emphasis added).[4] Finally, the ZHB cited the case of *In re: Appeal of Provco Pinegood Sumneytown, LLC*, 216 A.3d 512, 518 (Pa. Cmwlth. 2019), for the proposition that "[f]ailure to appeal a *zoning officer's* determination within 30 days results in the determination becoming binding and unappealable." (emphasis added). Even an oral interpretation of the zoning ordinance by a zoning officer constitutes a "determination" under the MPC. *Id.*

The ZHB concluded that the MPC and case law clearly dictate that the interpretations of the appointed *zoning officer*, and not another individual, triggers the 30-day appeal period. The ZHB stated:

> Here, Darlene Heller, director of Planning and Zoning, sent the April 27, 2022 letter. Craig Peiffer, the appointed zoning officer, did not draft the letter, did not sign the letter, and the letter did not reflect that it was written on behalf of Mr. Peiffer or that the information contained therein was Mr. Peiffer's determination. Therefore, the [ZHB] cannot conclude that the April 27, 2022 letter triggered the thirty (30)[-]day appeal period. An

---

[3] This Section was added by the Act of December 21, 1988, P.L. 1329.

[4] Section 909.1 was added by the Act of December 21, 1988, P.L. 1329.

> appealable determination triggering the thirty (30)[-]day appeal period must come from the Zoning Officer, the City official vested with the power to enforce and interpret the Zoning Ordinance.

ZHB Decision at 9-10.  The ZHB went on to say:

> The [ZHB] recognizes that the above conclusion regarding the effect of the April 27, 2022 letter begs the question as to what determination triggered this appeal.  The record supports that Mr. Peiffer, in his capacity as the Zoning Officer, conversed with Applicant's counsel sometime thereafter and adopted Ms. Heller's position as his own and informed Applicant that an appeal to [the ZHB] was appropriate.  [Notes of Testimony] at. [*sic*] 115, ¶¶ 7-25.  No party has argued that the appeal from that determination, which was directly from the Zoning Officer, was untimely.

ZHB Decision at 10 n.8.

Addressing the merits, the ZHB agreed with Applicant that the Zoning Ordinance Amendment is inapplicable to Applicant's Land Development Plan because the Zoning Ordinance Amendment was enacted while the Land Development Plan was already pending.  In support, the ZHB cited Section 508(4)(i) of the MPC, 53 P.S. § 10508(4)(i), which provides:

> (4) Changes in the ordinance shall affect plats as follows:
>
> (i)    From the time an application for approval of a plat, whether preliminary or final, is duly filed as provided in the subdivision and land development ordinance, and while such application is pending approval or disapproval, no change or amendment of the zoning, subdivision or other governing ordinance or plan shall affect the decision on such application adversely to the applicant and the applicant shall be entitled to a decision in accordance with the provisions of the governing

5

ordinances or plans as they stood at the time the application was duly filed.

The ZHB concluded that the plain language of Section 508(4)(i) of the MPC and case law dictate that a subdivision or land development plan is governed by the zoning ordinance in effect at the time of filing. Additionally, the ZHB held that the scope of the protections under Section 508(4)(i) extend to "any ancillary governing ordinances, like the City of Bethlehem's Regulated Rental Ordinance/Zoning Ordinance Amendment." ZHB Decision at 11.

In reaching this conclusion, the ZHB rejected the City's argument that because Applicant's Land Development Plan does not reference student homes, regulated rentals, or any particular type of development, it was insufficient to provide protections for use as student housing. The ZHB emphasized that Section 508(4)(i) of the MPC does not include a distinction between use aspects of an application and the physical nature of the development. The protection in Section 508(4)(i) is broadly stated as "no change or amendment of the zoning, subdivision or other governing ordinance or plan shall affect the decision on such application adversely to the applicant." Here, there was a change or amendment to the Zoning Ordinance which adversely affected Applicant; accordingly, the Zoning Ordinance Amendment is not applicable to Applicant's pending Land Development Plan.[5]

The City appealed to the trial court and Applicant intervened in the action. The trial court, without taking any additional evidence, affirmed. The City now appeals to this Court.

---

[5] The ZHB noted that while Applicant's Land Development Plan itself does not reference student housing, when considering the entirety of the review process, it is apparent that Applicant had articulated to members of the City Staff, including Director of Planning and Zoning Heller, that it intended to use the Properties as student housing. Because the City had notice of the presumed use and acknowledged it, the ZHB concluded that the City was bound by the language of Section 508(4)(i) of the MPC. ZHB Decision at 12-13.

**ISSUES**[6]

In its appeal, the City asks this Court to address two issues. First, whether the ZHB erred in finding that Applicant filed a timely interpretative appeal. Second, whether the ZHB properly concluded that the Zoning Ordinance Amendment is not applicable to Applicant's Land Development Plan.

**DISCUSSION**

We will first address whether Applicant filed a timely interpretative appeal. The City asserts that Director of Planning and Zoning Heller's April 27, 2022 letter was the operative determination that triggered Applicant's appeal period. According to the City, pursuant to Section 914.1(b) of the MPC, Applicant had 30 days, or until May 27, 2022, to appeal to the ZHB. Here, Applicant's appeal was not filed until June 22, 2022, and was therefore untimely.

To the extent Applicant argues that the April 27, 2022 letter did not provide notice that Applicant had 30 days to appeal, the City emphasizes that neither the MPC nor the City's Zoning Ordinance require that such a notification be included in a zoning interpretation/determination. Moreover, although evidence presented before the ZHB demonstrated that Director of Planning and Zoning Heller was admittedly not employed as the City's Zoning Officer, the City maintains that she "was nevertheless functioning in a zoning officer capacity when she issued the letter

---

[6] Where, as here, no additional evidence is presented to the trial court, our review is limited to determining whether the ZHB committed an abuse of discretion or an error of law. *Allegheny West Civic Council, Inc. v. Zoning Bd. of Adjustment of the City of Pittsburgh*, 689 A.2d 225, 227 (Pa. 1997). The Pennsylvania Supreme Court has stated that an abuse of discretion is "not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of the record, discretion is abused." *Hainsey v. Pa. Liquor Control Bd.*, 602 A.2d 1300, 1305 (Pa. 1992) (citing *Kelly v. Cnty. of Allegheny*, 546 A.2d 608, 610 (Pa. 1988)).

of April 27, 2022." City's Brief at 22. The City proceeds to identify instances in the record that reflect Applicant intended to appeal from the April 27, 2022 letter. City's Brief at 23. The City suggests that "[e]ven though Heller was not, strictly speaking, the City's [Z]oning [O]fficer, the Applicant long treated Heller's letter of April 27, 2022, as a zoning determination . . . ." *Id.*

Taking its argument a step further, the City asserts that if Director of Planning and Zoning Heller did not render a determination in a "functional zoning officer capacity," then there was no appealable determination at all. City's Brief at 25. In that case, the City reasons that Applicant's interpretative appeal was not properly before the ZHB and the ZHB lacked jurisdiction to entertain the appeal. *Id.*

The City also dismisses the ZHB's conclusion that Zoning Officer Peiffer conversed with Applicant's counsel sometime after Director of Planning and Zoning Heller's April 27, 2022 letter was issued, adopted Heller's position as his own, and informed Applicant that an appeal to the ZHB was appropriate. The City states:

> The testimony from [Zoning Officer Peiffer] only revealed that [Zoning Officer Peiffer] and [Applicant's] counsel had a "conversation" about [Director of Planning and Zoning Heller's] letter, during which Applicant's counsel inquired "whether or not an appeal would be acceptable *to that letter*", to which [Zoning Officer Peiffer] presumed that he responded in the affirmative. [Reproduced Record (R.R.)] 117a-R.118a (emphasis added). Accordingly, there is no substantial evidence to support a finding that [Zoning Officer Peiffer] issued an appealable determination, or that Applicant appealed from any such determination, and the [ZHB's] finding reflected in footnote 8 of its Decision constitutes an error of law and/or an abuse of discretion.

City's Brief, 27-28 (emphasis in original).

8

In response, the ZHB argues that the plain and unambiguous language of Section 508(4)(i) of the MPC supports the conclusion that Director of Planning and Zoning Heller did not have the authority to issue a zoning determination. Heller was not the City's zoning officer and any argument that she was "functioning" as the zoning officer holds no weight. The City fails to cite any authority that would support the assertion that staff members of a political subdivision can create "de facto" zoning officers. ZHB's Brief at 11. The ZHB notes that Section 614 of the MPC, 53 P.S. § 10614, clearly states that a zoning officer is an appointed position.[7] Because Director of Planning and Zoning Heller was not the zoning officer, the ZHB concludes that she could not make a formal determination in a zoning matter. Thus, the April 27, 2022 letter was not an appealable determination.

The ZHB also rejects the argument that Applicant "acquiesced" to the April 27, 2022 letter becoming an appealable determination. The MPC clearly states what constitutes a determination. Even if Applicant believed the April 27, 2022 letter was appealable, that belief does not make it so.

Finally, the ZHB notes that the issue of the timeliness of Applicant's appeal is an issue of subject matter jurisdiction. Case law clearly holds that the ZHB could raise the issue of subject matter jurisdiction *sua sponte* and the issue cannot be waived. *See Martin v. Zoning Hearing Board of West Vincent*, 230 A.3d 540, 545 (Pa. Cmwlth. 2020), and *Davis v. City of Philadelphia*, 702 A.2d 624, 625-626 (Pa. Cmwlth. 1997). For its part, Applicant contends that it timely appealed Zoning Officer Peiffer's determination. Applicant reiterates that Director of Planning and

---

[7] Section 614 states in pertinent part: "For the administration of a zoning ordinance, a zoning officer, who shall not hold any elective office in the municipality, shall be appointed." 53 P.S. § 10614.

9

Zoning Heller is not the zoning officer and, as a result, the April 27, 2022 letter was not an appealable determination. Applicant states:

> After receiving a copy of the April 27, 2022 letter from his client, counsel for [Applicant] reached out to [Zoning Officer Peiffer] to discuss the letter and to determine if that was his official zoning determination. Once confirmed by [Zoning Officer Peiffer] that [Applicant] could appeal the letter as a determination adopted by him, [Applicant] appealed within thirty (30) days, and the appeal was accepted by [Zoning Officer Peiffer] who is secretary for the [ZHB].

Applicant's Brief at 9 (footnote and internal citations omitted).

Citing *North Codorus Township v. North Codorus Township Zoning Hearing Board*, 873 A.2d 845 (Pa. Cmwlth. 2005), Applicant argues that Zoning Officer Peiffer's verbal adoption of the April 27, 2022 letter's rationale initiated the appeal period. Applicant states:

> The City never raised the issue before the [ZHB] that the appeal that followed the conversation with [Zoning Officer Peiffer] was untimely, but rather relied on the letter date to state the appeal was untimely. The testimony of [Zoning Officer Peiffer] confirms that a conversation took place and the appeal followed, which [Zoning Officer Peiffer] accepted as [ZHB] Secretary.

Applicant's Brief at 9-10.

At the outset, we consider Director of Planning and Zoning Heller's status as a zoning officer to be a non-issue. The clear and unambiguous language of Section 909.1(a)(3) of the MPC reflects that a zoning hearing board may hear appeals from a determination of a *zoning officer*. In this case, there is no indication that Director of Planning and Zoning Heller was appointed as the City's Zoning Officer pursuant to Section 614 of the MPC. Even more telling is the City's admission that Heller

10

did not serve in that capacity. *See* City's Brief at 22 ("Even though Heller was not the City's zoning officer when she issued the Zoning Determination . . . ."). Thus, it stands to reason that the April 27, 2022 letter was not itself an appealable determination of a zoning officer.[8]

Having concluded that the April 27, 2022 letter was not an appealable determination, we must next address if Zoning Officer Peiffer issued an appealable determination, thereby triggering Applicant's appeal period. This presents a more troubling issue.

In *North Codorus Township*, this Court addressed the issue of when a zoning hearing board has jurisdiction over an appeal by a property owner. In that case, the property owner met with the township's municipal planning commission and board of supervisors on a number of occasions to discuss development of its property. *North Codorus Township*, 873 A.2d at 846. Subsequent to those meetings, the zoning hearing board took steps to amend the zoning ordinance. *Id.* The property owner filed its subdivision and land development plan after the enactment of the zoning ordinance amendment but prior to its effective date. *Id.* Among the issues on appeal was whether the zoning ordinance amendment would preclude development of the property.

While the property owner's subdivision and land development plan was proceeding through the township's review process, the property owner contacted the zoning officer. The *North Codorus Township* court described the exchange as follows:

> On January 14, 2004, . . . Douglas Stambaugh
> (Stambaugh), one of the [property owner's] partners and

---

[8] We also reject any assertion that Applicant is somehow bound by any initial, mistaken belief that the April 27, 2022 letter was an appealable determination. The appealability of an order or determination is not guided by the belief of a party; rather it is determined by clear legal standards.

11

the engineer who developed the [subdivision and land development plan] telephoned [the zoning officer]. Stambaugh asked [the zoning officer] whether the "old" Township Zoning Ordinance (Original Zoning Ordinance) or the Zoning Ordinance as amended by Ordinance 177 (Amended Zoning Ordinance) would apply to the Partnership's Plan. [The zoning officer] indicated that the Amended Zoning Ordinance would apply. The [property owner] then appealed [the zoning officer's] "determination" to the [zoning hearing board]. After two hearings, the [zoning hearing board] concluded that it had jurisdiction to hear the appeal and held that the Amended Zoning Ordinance did not apply to the [the property owner's land development plan] filed on October 24, 2003, because Ordinance 177 did not become effective until October 26, 2003.

*North Codorus Township*, 873 A.2d at 847 (citations omitted). The township appealed the zoning hearing board's decision to the trial court arguing, *inter alia*, that the zoning hearing board did not have jurisdiction over the property owner's appeal because the zoning officer's statement did not constitute a "determination" under Section 909.1(a)(3) of the MPC. The trial court did not agree.

On appeal, this Court affirmed the trial court, stating:

In addressing the [zoning hearing board's] jurisdiction, the trial court noted the definition of "determination" and the broad language, "including but not limited to" in [S]ection 909.1(a)(3) of the MPC. The trial court further recognized that there is no requirement in the MPC that a determination be in writing. . . . The trial court . . . concluded that [the zoning officer's] statement to [the property owner] that Ordinance 177 would apply to the [p]lan constitutes a determination. We agree with the trial court that, given the broad language of [S]ection 909.1(a)(3) and [the zoning officer's] admission that he reviewed the plans, the ZHB did not err as a matter of law or abuse its discretion in concluding that [the zoning officer's] statement was a determination by the [z]oning [o]fficer over which it had jurisdiction.

12

*North Codorus Township*, 873 A.2d at 847-848.

Because case law supports the contention that an oral statement of a zoning officer can constitute an appealable determination, we must now determine whether Zoning Officer Peiffer made such a statement in this case. In *North Codorus Township,* the record reflected the exact date and content of discussions between the property owner and the zoning officer, including the zoning officer's statement that the zoning amendment would apply to the property owner's subdivision and land development plan.

Unlike *North Codorus Township*, the record in this case is vague at best. Testimony in this regard is limited to Zoning Officer Peiffer's direct examination where he states the following:

> [Counsel for Applicant]: With regard to the, and I just want to ask you since it was brought up at the beginning of the hearing, with regard to the determination that we are seeking an appeal of, did you write the [April 27, 2022] letter as the Zoning Officer?
>
> [Zoning Officer Peiffer]: I did not pen that letter.
>
> [Counsel for Applicant]: Okay. But we had a conversation about that; would you agree?
>
> [Zoning Officer Peiffer]: You and I personally?
>
> [Counsel for Applicant]: Yes.
>
> [Zoning Officer Peiffer]: Yes, you and I have had a conversation about that letter.
>
> [Counsel for Applicant]: And I inquired of you, as the Zoning [O]fficer, whether or not an appeal would be acceptable to that letter?

[Zoning Officer Peiffer]: I don't recollect that exact question. But presumably, based upon your submission, we can say, yes.

[Counsel for Application]: And you accepted the appeal?

[Zoning Officer Peiffer]: I did accept the appeal, that is correct.

[Counsel for Applicant]: All right, I don't have any further questions.

R. R. at 117a-118a.

We are constrained to agree with the City that this testimony merely reflects that an undated conversation took place between Zoning Officer Peiffer and Applicant's counsel during which Peiffer told counsel the April 27, 2022 letter could be appealed. On this record, it is not at all clear that Zoning Officer Peiffer made an appealable determination. Merely accepting the appeal is not sufficient to establish the substance of an appealable determination. In this case, our standard of review is limited to determining whether the ZHB committed an error of law or abused its discretion and, in turn, an abuse of discretion depends on whether the ZHB's findings are supported by substantial evidence. *Valley View Civic Ass'n v. Zoning Bd. of Adjustment*, 462 A.2d 637, 640 (Pa. 1983). "Substantial evidence" is "such relevant evidence as a reasonable mind must accept as adequate to support a conclusion." *Id.* There is a dearth of evidence that the Zoning Officer made a determination.

Aside from the substance of a determination by the Zoning Officer there is also a dearth of evidence to support the favorable timeliness of the appeal to the ZHB. Even if we were to accept that Zoning Officer Peiffer's testimony somehow reflects an implicit adoption of the conclusions set forth in the April 27, 2022 letter, and therefore constituted an appealable determination, the timeliness of Applicant's

14

appeal to the ZHB would hinge on the date this verbal conversation took place. Pursuant to Section 914.1(b) of the MPC, in order for Applicant's appeal to be timely, the conversation between Zoning Officer Peiffer and Applicant's counsel must have occurred within 30 days of June 22, 2022 (the date of Applicant's appeal to the ZHB). The record is devoid of any evidence addressing when the conversation occurred.

Because the record does not reflect that Zoning Officer Peiffer adopted the conclusions set forth in the April 27, 2022 letter, there was never an appealable determination issued by Zoning Officer Peiffer. Thus, the ZHB did not have jurisdiction to address the issues raised in Applicant's appeal. Further, even if there had been an appealable determination, Applicant has not shown that the appeal to the ZHB was timely.[9]

## CONCLUSION

Zoning Officer Peiffer did not issue an appealable zoning determination in this case and, as a result, the ZHB had no jurisdiction to issue its decision. Accordingly, the order of the trial court is vacated and this matter is remanded.

_____
MATTHEW S. WOLF, Judge

---

[9] In light of our holding, we will not address Applicant's remaining argument.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Bethlehem,          :
              Appellant     :
      v.                    :  No. 796 C.D. 2023
                            :
Zoning Hearing Board of the City of  :
Bethlehem and Lady Mohawk LLC  :

# **O R D E R**

AND NOW, this 13th day of June 2024, the June 21, 2023 order of the Court of Common Pleas of Northampton County is VACATED, and this matter is REMANDED with the direction that it be further remanded to the City of Bethlehem Zoning Hearing Board. Upon remand, the City of Bethlehem Zoning Hearing Board shall vacate its December 9, 2022 determination.

Jurisdiction relinquished.

_____
MATTHEW S. WOLF, Judge